▮ PETER WAGNER, Respondent, v. FRANK ORLANDO, Appellant, et al., Defendants.— Order dated November 26, 1968, granting plaintiff summary judgment reversed on the law and motion denied, with $50 costs and disbursements to the appellant. In this automobile collision case factual questions have been presented. A substantial issue has been presented as to whether plaintiff suffered any damage as the result of the collision. Injury is an element of plaintiff's right to recover, and absent such proof negligence is not actionable (*Greco* v. *National Transp. Co.*, 15 A D 2d 462; *Smith* v. *Marbury*, 18 A D 2d 936; *Ruppert* v. *Building Materials Dist.*, 10 A D 2d 621; *Rubin* v. *Andino*, 11 A D 2d 663). Concur — Stevens, P. J., Tilzer and Steuer, JJ.; Markewich and Nunez, JJ., dissent in the following memorandum by Nunez, J. I dissent and vote to affirm. The record discloses that defendant saw plaintiff's car clearly when he was 60 feet behind him. He did not brake his car until after he had traveled 30 feet or more. He struck plaintiff's car while it was standing still. A clearer case of liability is difficult to conceive. Summary judgment was properly granted by the court below. (See *Berberich* v. *Mathieu*, 12 N Y 2d 1081; *Krotman* v. *Sea Shore Transp. Co.*, 28 A D 2d 989; *Di Sabato* v. *Soffes*, 9 A D 2d 297.) The issue as to whether plaintiff suffered any injury as a result of the collision was not raised at Special Term. Appellant's opposition to summary judgment is stated as follows: "Plaintiff's motion should be denied on the grounds (1) there are issues of fact which can only be determined after a trial, (2) examinations before trial of all of the parties herein are pending, at which time all of the facts relating to liability will be brought out, and (3) the moving papers are devoid of any facts showing any negligence on the part of the defendants or freedom from negligence on the part of the plaintiff." The original motion for summary judgment was denied. Plaintiff moved for a rehearing which resulted in granting the motion appealed from. The affidavit of Horace

M. Cohen submitted in opposition to the latter motion contains not one word asserting that plaintiff did not sustain injuries in the accident.